[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by Grace T. LaFlamme, owner of property consisting of land and buildings located at 25 Hopkins Road, Watertown, appealing from the actions of the Watertown Assessor and Board of Tax Review in assessing her property as of October 1, 1995 at $659,830. The property consists of approximately 11.23 acres improved with a brick single family residence containing 12 rooms, four bedrooms and six baths. The house also has an enclosed indoor swimming pool and greenhouse. The residence has 8,346 square feet of livable area above grade with an additional 1,976 square feet area comprised of a finished and heated room constructed around a 12' x 32' in ground swimming pool. There is a detached outbuilding or barn on the premises and a 4 car garage.
The house was built in 1990-91 after the land re-evaluation in Watertown in 1989. In 1990 the property was assessed at CT Page 8478 $757,480 and in 1991, it was assessed at $804,670. The house was originally built as a residence by Ralph and Maria Elena Barilla, Mr. Barilla being a builder. In 1993 the property was assessed at $790,140. The plaintiff Grace T. LaFlamme purchased the property from a bank in January 1995 for $430,000 after it had been listed with MLS at $750,000 for several years.
On the October 1, 1993 list the property was assessed at $790,140.00. The plaintiff who had acquired the property in January 1995 appealed that assessment to the Watertown Board of Tax Review as grossly excessive, disproportional and discriminatory. By decision of April 5, 1995, the Board reduced the assessment of said real property to $659,830. From that action the plaintiff appealed to this court claiming that that figure was still excessive, unreasonable, disproportional and unlawful and discriminatory.
This court viewed the premises in question and took testimony from real estate appraisers testifying on behalf of plaintiff and defendant. The Assessor of the Town of Watertown, however, did not testify. The court finds aggrievement in that the assessment of plaintiff's property was excessive, unreasonable and disproportionate in that the fair market value of the property as of 1989 was substantially lower than that determined by the Assessor or Board of Tax Review.
The general rule is that assessors need only assess or revalue property every ten years in accordance with Sec. 12-62 of the Connecticut General Statutes. However, in the instant matter and in the cases of several other properties the assessor's cards (Defendant's Exhibits 3, 5, 6 and 7) indicate that re-assessments were accomplished almost annually.
 The remedy of revaluation was established by the legislature and it was the judgment of the legislature that the remedy need only be available once each decade . . . . By way of contrast, Section 12-64 is concerned with the manner of taxation, not the frequency of valuation, and it does not purport to require assessors to be updated on their valuations at all times . . . [A]s a practical matter, assessors cannot be expected to revalue every year, even though changes which effect property values may occur within a given year. Uniroyal, Inc. v. Board of Tax Review, 182 Conn. 619, 629 (1981). CT Page 8479
Further, an assessor in any municipality may not with respect to any parcel of real property in the assessment list for any assessment year, make a change in an assessed value of such parcel, as compared to the immediately preceding assessment list, solely on the basis of the sale price of such parcel in any sale or transfer of such parcel. Sec. 12-63d.
Valuation of property for assessment purposes has been a vexing and much litigated problem. Sibley v. Middlefield,143 Conn. 100, 105 (1956). The law contemplates that a wide discretion is to be accorded to assessors, and unless their action is discriminatory or so unreasonable that property is substantially overvalued and thus injustice and illegality result, their opinion and judgment should control in the determination of value for tax purposes . . . Burritt MutualSavings Bank v. New Britain, 146 Conn. 669, 675 (1959). However, in this case the assessor was never called on to testify so that this court did not have the benefit of his testimony as to the manner used to determine value.
A practical problem with valuing the property in question is that according to both plaintiff's and defendant's appraisers there are no comparable properties in the Town of Watertown. This property was characterized as overbuilt, overdesigned for the market and functionally obsolescent. There were no comparable sales in Watertown for the years 1989 or 1994.
In an attempt to arrive at a fair market value plaintiff's appraiser, Robert Nocera, employing the sales ratio method and assessments of 21 other Watertown properties ranging from 3,000 square feet to 5,495 square feet, which he averaged out at $64.67. He then divided the assessed figure on the subject property of $659,830 by 8,346 square feet, calculating without using the indoor heated pool and greenhouse area and arriving at $79.06 per square foot value whereas if the town's assessment of 10,322 square feet was divided into the $659,830 assessment figure, the result would be $63.92 per square foot.
An analysis of 36 residential sales in Watertown in 1994 averages out to the assessed value being 84.31% of the sales price as opposed to 70% assessed value prescribed by statute, whereas the ratio of assessment of $659,830 to sales price of $430,000 is 153.45%. Plaintiff's appraiser did not, however, adequately trend these sales back to 1989. CT Page 8480
Section 12-63d provides:
 The assessor in any municipality may not, with respect to any parcel of real property in the assessment list for any assessment year, make a change in the assessed value of such parcel, as compared to the immediately preceding assessment list, solely on the basis of the sale price of such parcel in any sale or transfer of such parcel.
Further testimony was offered concerning cracks in the basement flooring and foundation and separation of the fireplace from the wall and the necessity to repair same at the cost of approximately $58,000. There was credible testimony from Dan Morrone, a general contractor, that these problems were caused by inadequate footing and perimeter drains that had been in place since the construction of the premises.
The Town of Watertown's appraiser, Mary Rosengrant, used the cost approach to value methodology in her appraisal. She found that the income approach is not suited for owner occupied dwellings. She decided that her sole basis for determining value could not be the sales comparison approach because there were no true comparables due to the unique style, design and size of the subject property. Therefore, she utilized the cost approach.
The court finds that the testimony of the defendant's appraiser was more credible. Therefore, adopting her calculations, the court finds the fair market value to be $850,000 less $58,000 discounted for the structural problems arriving at a fair market value of $792,000. Seventy percent of that figure is $554,400 which the court finds as the assessed value.
The court sustains plaintiff's appeal and enters the same as judgment.
/s/ Kulawiz KULAWIZ, J.